UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERIE J. MOLLERE                                          CIVIL ACTION

VERSUS                                                     NO. 2:17-CV-2508

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Cherie J. Mollere respectfully alleges:

1. This is a claim for short and long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Plaintiff, **Cherie J. Mollere**, of lawful age and a resident of Kenner, Louisiana is a plan participant and beneficiary of a group disability plan created by her employer, Jefferson Parish Government, and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, Life Insurance Company of North America ("LINA"), is a foreign corporation, domiciled in Pennsylvania and authorized and doing business in Louisiana.

5. LINA issued a group disability policy, No. VDT-0961173, insuring the employees of Jefferson Parish Government.

6. Plaintiff's disability policy is part of a non-ERISA plan, as Jefferson Parish Government is a governmental entity and therefore exempt from ERISA under 29 U.S.C. Sec. 1003.

7. Plaintiff is disabled under the terms of the LINA insurance policy and has provided Defendant with ample medical documentation and other evidence supporting her claim for disability benefits.

8. Plaintiff worked as a court reporter at the Jefferson Parish District Court before having to take disability leave due to severe back and cervical pain, mental illness, Morgellon's syndrome, and carpal tunnel syndrome, as well as depression and cognitive disorder. Cigna denied her disability claim by letter of March 30, 2016 for the stated reason that the medical evidence does not demonstrate evidence of ongoing psychiatric functional impairments that would prevent Ms. Mollere from returning to work in her occupation.

9. Ms. Mollere has been disabled under policy terms since November 2014.

10. Plaintiff's medical conditions prevent her from performing her job duties.

11. Plaintiff appealed the denial of benefits demonstrating that she was functionally unable to perform her job duties given her medical condition.

12. LINA received satisfactory proof of loss that fully apprised LINA of Plaintiff's entitlement to disability benefits.

13. LINA has, without good reason or cause, denied the claims for benefits despite receipt of overwhelming proof of her claim for disability benefits.

14. LINA refused to promptly and fairly adjust and pay these claims. Plaintiff therefore seeks penalties against LINA under the Louisiana Insurance Code, including, but not limited to, <u>LA 22:658</u>, <u>LA RS 22:1892</u>, <u>LA RS 22:1821</u>.

15. A reasonable and prudent businessman would have paid Plaintiff's claims after receiving the Proof of Loss Plaintiff provided to LINA.

16. LINA's failure to pay this claims was arbitrary and capricious, without good cause, and made in bad faith.

17. Despite receiving proof of loss, Defendant did not pay the claim within 30 days.

18. LINA's denial of these claim has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety, as without her disability income from LINA she has been unable to pay for her continuing medical expenses and living expenses.

19. LINA breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to her after receiving proof of loss. Further, LINA's denial letters constitute an express repudiation and anticipatory breach of LINA's future obligations to pay benefits to Plaintiff under the Policy, thus making all such obligations now due and owing.

20. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

21. LINA's denial of this claim has caused Plaintiff untold financial and emotional hardship. She has been deprived of substantial disability income that she needs to pay her ongoing medical and living expenses.

22. As a result of LINA's conduct as alleged herein, Plaintiff suffers severe emotional distress.

23. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

24. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the LINA disability policy.

25. Plaintiff appealed the denials, providing additional, overwhelming evidence supporting her entitlement to continuing disability benefits. LINA has failed to reverse its decision.

26. LINA has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of her occupation.

27. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

28. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

29. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

30. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

31. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

32. Defendant's denials have required Plaintiff to hire attorneys to represent her in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For damages, including past and future disability benefits under policy terms, plus interest;

2. For penalties under the Louisiana Insurance Code, including, but not limited to LA RS <u>LA 22:658</u>, <u>LA RS 22:1892</u>, <u>LA RS 22:1821</u>;

3. For damages for the physical and emotional distress LINA caused to Plaintiff;

4. For all reasonable attorney fees and court costs;

5. For trial by jury; and

6. For all other relief as the facts and law may provide.

                                        Respectfully submitted,

                                        <u>/s/ Reagan L. Toledano</u>
                                        James F. Willeford (LA. 13485)
                                        Reagan L. Toledano (LA. 29687
                                        WILLEFORD & TOLEDANO
                                        201 St. Charles Avenue, Suite 4208
                                        New Orleans, Louisiana 70170
                                        (504) 582-1286; (f) (313)692-5927
                                        rtoledano@willlefordlaw.com